IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM HENRY HARRISON, | : | CIVIL NO. 3:CV-07-1993 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| RONNIE HOLT, | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is petitioner's "letter/motion, Rule 60(b), to reissue decision for appeal purposes." (Doc. 18.) Upon review of the motion it is concluded that the letter/motion is properly considered a motion to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). For the reasons that follow, the motion will be denied.

I. **Background**

This action was initiated by petitioner on October 31, 2007. (Doc. 1.) At the time, he was housed at the United States Penitentiary at Canaan (USP-Canaan). (Doc. 1, at 9.) A memorandum and order denying the petition was issued on June 26, 2008 and mailed to USP-Canaan, his last known address. (Doc. 12.) On July 2, 2008, petitioner notified the court that he had been transferred to FCI-Fort Dix and requested a copy of his traverse be mailed to him. Per his request, a copy of the traverse was mailed. However, his address was not changed. Then, on July 8, 2008, the memorandum and order (Doc. 12) denying the

petition document, which was mailed to USP-Canaan, was returned with the notation "undeliverable as addressed, unable to forward." (Doc. 14.) On August 8, 2008, petitioner filed a change of address which indicated that he was released to supervised release and was residing in Richmond, Virginia. (Doc. 15.)

On June 9, 2009, petitioner filed a letter requesting the status of his case. (Doc. 16.) A docket sheet was promptly forwarded to him. (Doc. 17.) On June 26, 2009, he sent the instant "letter/motion" stating that "[o]n June 15, 2009, I received the docket sheet for the above-referenced matter in response to my letter in inquiry into the status of my petition for writ of habeas corpus. Within that docket sheet I noticed that the court, and I learned for the first time that the court denied my habeas corpus petition on June 26, 2008." (Doc. 18, at 1.) The motion was received by the court and filed on June 30, 2009.

## II. Discussion

Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides "a limited opportunity for relief in circumstances where the notice of entry of a judgment or order . . . is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal." FED. R.APP. P. 4 advisory committee's note to 1991 Amendment. Specifically, Rule 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order

2

> sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

FED. R.APP. P. 4(a)(6).

Based upon the facts contained in the "I. Background" section, *supra*, the court concludes that petitioner meets the first condition in that he did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry.

However, he is unable to meet the second condition. The motion to reopen the appeal time was not filed within 180 days after the entry of judgment; rather, it was filed approximately 365 days after the entry of judgment. Nor did he file the motion within 7 days after he received notice. As noted above, in the June 26, 2009 motion, he stated the following:

> On June 15, 2009, I received the docket sheet for the above-referenced matter in response to my letter in inquiry into the status of my petition for writ of habeas corpus. Within that docket sheet I noticed that the court, and I learned for the first time that the court denied my habeas corpus petition on June 26, 2008.

(Doc. 18.) Even utilizing the date the Harrison placed on the motion, June 26, 2009, as opposed to the filing date of June 30, 2009, petitioner is unable to satisfy the condition. The motion was to be filed on or before June 22, 2009. Because petitioner is unable to satisfy all

3

the specified conditions, his motion will be denied.

An appropriate order follows.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court

Dated: August 31, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM HENRY HARRISON, : CIVIL NO. 3:CV-07-1993
              Petitioner, :
               : (Judge Munley)
v. :
RONNIE HOLT, :
           Respondent :

## ORDER

AND NOW, to wit, this 31st day of August 2009, upon consideration of petitioner's motion to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6), it is hereby **ORDERED** that the motion (Doc. 18) is DENIED.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court